State of Wisconsin, Plaintiff-Respondent,
v.
Jeffrey Evraets, Defendant-Appellant.
No. 04-0174-CR.
Court of Appeals of Wisconsin.
Opinion Filed: August 3, 2004.
Before Cane, C.J., Hoover, P.J, and Peterson, J.
¶1 PER CURIAM.
Jeffrey Evraets appeals his judgment of conviction for operating a motor vehicle while under the influence of an intoxicant, fifth offense, in violation of WIS. STAT. § 346.63(1)(a).[1] Evraets argues that the trial court erred when it denied his motion to suppress evidence based on a lack of reasonable suspicion to stop Evraets. We disagree and affirm the judgment.

BACKGROUND
¶2 On February 1, 2003, at approximately 1 a.m., Brown County Sheriff's Deputy Matthew Secor was stopped directly behind a vehicle operated by Jeffrey Evraets. Secor was directly behind a vehicle operated by Jeffrey Evraets. When the light turned green, Evraets remained stopped for several seconds, then accelerated quickly through the intersection, traveling close to the curb line. Evraets then stopped for a red light. When the light turned green, Evraets again waited for several seconds and again accelerated quickly through the intersection, this time traveling close to the centerline.
¶3 Evraets then turned into a Taco Bell drive-through. Secor pulled into the Taco Bell parking lot and parked his vehicle. Secor then approached Evraets' vehicle on foot and instructed Evraets to stop. Following the stop, Secor obtained evidence showing that Evraets was operating his motor vehicle while under the influence of an intoxicant. Consequently, Secor arrested Evraets.
¶4 Evraets moved to suppress evidence based on an illegal stop. The circuit court denied the motion, concluding Secor had reasonable suspicion based on the totality of Evraets' unusual driving behaviors. Evraets entered a plea of no contest and was found guilty.

STANDARD OF REVIEW
¶5 The determination of reasonable suspicion for an investigatory stop is a question of constitutional fact. State v. Martwick, 2000 WI 5, ¶19, 231 Wis. 2d 801, 604 N.W.2d 552. We apply a two-step standard of review to questions of constitutional fact. First, we review the circuit court's findings of historical fact and uphold them unless they are clearly erroneous. Second, we review the determination of reasonable suspicion independently. Id.

DISCUSSION
¶6 The fundamental focus of the Fourth Amendment is reasonableness. State v. Waldner, 206 Wis. 2d 51, 55, 556 N.W.2d 681 (1996). Determination of reasonableness depends on the totality of the circumstances. Id. at 53. The test is an objective one and focuses on the reasonableness of the officer's actions. Id. at 56. A police officer may stop a person if the officer "possesses specific and articulable facts which would warrant a reasonable belief that criminal activity was afoot." Id. at 55.
¶7 We conclude that under the totality of the circumstances at the time of the stop, specific and articulable facts permitted Secor to reasonably suspect that Evraets was driving while under the influence of alcohol. Secor testified that he observed Evraets driving around 1 a.m. Evraets remained stopped at a green light for several seconds before accelerating quickly through an intersection and driving near the curb line of the road. Secor then observed Evraets again remain stopped at a green light before accelerating quickly and driving near the centerline. While no single act observed by Secor was particularly noteworthy, when viewed together, those observations amounted to reasonable suspicion of driving impairment.
¶8 Evraets argues that Secor used an incorrect negligence test in deciding to stop Evraets. Secor testified that he felt he would be "negligent" not to check on Evraets when he stopped at Taco Bell. Reasonable suspicion is evaluated under an objective, not a subjective test. Waldner, 206 Wis. 2d at 55-56. Accordingly, a particular officer's subjective reasons are irrelevant. State v. Kiekhefer, 212 Wis. 2d 460, 484, 569 N.W.2d 316 (Ct. App. 1997). Since we have determined that the totality of the circumstances created reasonable suspicion for the stop, the actual test Secor used is not relevant.
¶9 Evraets relies on State v. Reynolds, 899 P.2d 540 (Mont. 1995), to support his contention that Secor's observations did not support reasonable suspicion for the stop. Evraets contends that since Secor did not observe Evraets weaving in traffic, he had no "objective fact" from which to draw an inference of intoxication. Evraets argues that Secor did not consider possible innocent explanations for Evraets' suspicious behaviors, such as the presence of accumulated snow that obscured the road lines and could explain the variation in his location on the roadway.
¶10 In Reynolds, the driver was observed driving possibly too fast for conditions. Id. at 542. The driver later remained stopped at an intersection for seven to ten seconds before proceeding. Id. The Montana Supreme Court held that these behaviors did not constitute reasonable suspicion for a stop. Id. at 543. The court found that the presence of the officer could have explained the long pause at the intersection. Id. The mere observation of the possible traffic violation of traveling too fast for conditions, without another objective fact from which to infer impairment, was not enough to justify the stop. Id.
¶11 Evraets' reliance on Reynolds is misplaced. An officer may stop a driver who engages in lawful but suspicious conduct from which a reasonable inference of unlawful conduct can be drawn. Waldner, 206 Wis. 2d at 60. No single "objective fact" is required. Legal but suspicious behaviors accumulate until the "point is reached where the sum of the whole is greater than the sum of its individual parts." Id. at 58. Nor is an officer required to rule out possible innocent explanations for the suspicious conduct. Id. at 60. If there are several explanations for suspicious conduct, one being illegal and another not, an officer has grounds for a stop.
¶12 Evraets was not stopped at random or on a hunch. He was stopped because a reasonable officer in Secor's position would have suspected that Evraets was operating his vehicle while under the influence of alcohol. While no one observation would have justified the stop, collectively the observations created more than a hunch. Secor had specific and articulable facts to justify reasonable suspicion that Evraets was engaging in unlawful activity. Therefore, based on the totality of the circumstances, we conclude that Secor validly stopped Evraets' vehicle.
By the Court.  Judgment affirmed.
NOTES
[1] All references to the Wisconsin Statutes are to the 2001-02 version unless otherwise noted.